## MYERS v. UNION PACIFIC RY. CO.

*(Circuit Court, D. Kansas.* February, 1882.)

1. REMOVAL OF CAUSE—SUIT BY OR AGAINST CORPORATION CREATED BY ACT OF CONGRESS.

    A suit by or against a corporation created by an act of congress, is not necessarily a case which arises under a law of the United States, within the meaning of the second section of the act of March 3, 1875, providing for the removal of causes from the state to the federal courts.

2. SAME—CASE ARISING UNDER LAWS OF UNITED STATES.

    Congress has not provided for the removal of every case brought by or against a federal corporation, upon the sole ground that it is a corporation organized under the laws of the United States.

At Law. On motion to remand.

*Thomas P. Fenlon,* for plaintiff.

*J. P. Usher* and *A. L. Williams,* for defendant.

McCRARY, J. Upon consideration of this motion I have reached the following conclusions:

1. It is not necessary to decide the question so much discussed by counsel as to the validity of the agreement of consolidation. I assume that it is valid, and upon that assumption hold:

2. That the present suit is not one "arising under the constitution or laws of the United States," within the meaning of the second section of the act of congress of March 3, 1875, providing for the removal of causes from the state to federal courts.

3. That a suit by or against the Union Pacific Railway Company, a corporation formed in the manner disclosed in the record, is not necessarily a suit arising under the laws of the United States so as to be removed on that ground from a state to a federal court.

4. Even assuming that the defendant is a corporation organized under the laws of the United States, I am still of the opinion that the motion to remand should prevail, because I hold that a suit cannot be removed from a state to a federal court upon the sole ground that it is a suit by or against such a corporation. The causes of removal prescribed by statute are of two kinds, namely, those respecting the character of the parties, and those respecting the subject-matter of the suit. Of the former kind are suits in which there is a controversy between citizens of different states, or in which the United States or an alien shall be a party; of the latter kind are suits arising under the constitution or laws of the United States. A corporation may remove a cause upon the ground of citizenship, and upon

the presumption that the incorporators are citizens of the state under whose laws it was organized. A corporation may also remove a suit upon the ground that it arises under the constitution or laws of the United States.

In the present case the removal was sought upon the latter ground, and it appears from the record that it is based upon the single alleged fact that the defendant is a corporation organized under the laws of the United States; from which fact the inference is sought to be drawn that the case of the plaintiff being a suit to recover damages for personal injuries caused by the defendant's negligence, is a case arising under the laws of the United States. To this proposition I do not agree. The inference does not necessarily follow from the fact. The removal is sought on account of the character of the subject-matter of the suit, not because of the character of the parties. It is necessary that the record should show affirmatively that the cause of action or defense arises upon the construction of, or upon a claim of right arising under, some law of the United States, or of a treaty, or of some provision of the constitution of the United States. A suit against the defendant corporation is not necessarily a case which arises under a law of the United States within the meaning of the removal acts. The question is not the same as that decided in *Osborn* v. *U. S. Bank,* 9 Wheat. 738. The question there decided was whether congress had power under the constitution to give circuit courts jurisdiction in suits against the United States Bank, irrespective of the subject-matter of such suits. The affirmative of this question was established. But there is no law of congress authorizing the present defendant to remove a case brought against it into the United States circuit court on any other terms than those provided for all other persons and corporations. It is not provided that all suits in the state courts by or against the defendant may be removed. If it was so provided, then a question analogous to the one decided in *Osborn* v. *Bank,* namely, the constitutionality of such an act, might arise, and upon the authority of that case it would no doubt be held that congress has power under the constitution to treat all such cases as within the judicial power of the United States. The question here, however, is not what congress might do, but what it has done; and I hold that it has not provided for the removal of every case brought by or against a federal corporation upon the sole ground that it is a corporation organized under the laws of the United States.

I am authorized to say that Mr. Justice MILLER concurs in these conclusions. It follows that the motion to remand must be sus-

tained. As the questions arising upon this motion are important, affecting as they do a class of cases in this and other districts, it is desirable, of course, that a determination of them by the supreme court be had without unnecessary delay; and as they relate to the jurisdiction of the court, it is possible, under the recent rule of the supreme court, to have them decided by that tribunal at an early day.